# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SCHMERLING and<br>KEVIN SCHMERLING, H/W,<br>                      Plaintiffs,<br><br>v.<br><br>LM GENERAL INSURANCE COMPANY,<br>INC., also known as and doing business as<br>"LIBERTY MUTUAL,"<br>                      Defendant. | CIVIL ACTION<br><br><br><br>NO. 17-3659 |

DuBois, J.                                                                                                                                                                                                                  November 6, 2018

## **M E M O R A N D U M**

### I.     INTRODUCTION

       This underinsured motorist benefits action arose from the events of August 4, 2015, when plaintiff Rachel Schmerling was struck by a motor vehicle while walking in a parking lot in Downington, Pennsylvania, and suffered injuries.[1]  Def.'s Mem. 1; Plts.' Mem. Resp. to Def.'s Mem. 1.  Ms. Schmerling asserted a personal injury claim against the underlying tortfeasor, who had $300,000 in third-party liability insurance coverage.  Def.'s Mem. 2; Plts.' Resp. 2.  Following negotiations, she consented to a settlement of $275,000 with the tortfeasor.  Def.'s Mem. 2; Plts.' Resp. 2.

       At the time of the accident, Ms. Schmerling was covered by an insurance policy issued by defendant LM General Insurance Co. ("Liberty Mutual") that provides coverage for up to $100,000 in underinsured motorist benefits.  Def.'s Mem. 1; Plts.' Resp. 2.  Plaintiffs initiated the instant action on August 15, 2017, to recover underinsured motorist benefits under this

---

[1] Ms. Schmerling suffered injuries to her left hip and right knee and underwent arthroscopic surgery on both.  Def.'s Mem. 1; Plts.' Resp. 1.  She further alleges residual injuries, and her orthopedic surgeon states she will likely need a left hip replacement.  Def.'s Mem 1; Plts.' Resp. 1.  Plaintiffs also alleged an injury to Ms. Schmerling's right hip but withdrew all such claims during the Final Pretrial Conference on September 18, 2018.  *See* Order, ECF No. 23.

policy. Def.'s Mem. 2; Plts.' Resp. 2. The only issue remaining is the extent of Ms. Schmerling's injuries. To recover under the policy, plaintiffs must show that the value of Ms. Schmerling's damages exceeds the underlying tortfeasor's $300,000 insurance coverage. Def.'s Mem. 2; Plts.' Resp. 2.

At the Final Pretrial Conference, in discussing the parties' pretrial submissions, the parties disagreed over how the case should be presented to the jury. As a consequence, by Order dated September 18, 2018 (Document No. 24), the Court directed the parties to file memoranda supporting their respective positions. These memoranda are presently before the Court. Defendant contends the case should be presented as a personal injury action and plaintiffs should be precluded from introducing evidence of Ms. Schmerling's underinsured motorist coverage and the settlement with the tortfeasor. Plaintiffs respond that it is necessary to present this evidence to the jury. For the reasons that follow, the Court adopts defendant's position.

## II. APPLICABLE LAW

Evidence must be relevant to be admissible. *Forrest v. Beloit Corp.*, 424 F.3d 344, 355 (3d Cir. 2005). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Nonetheless, relevance alone does not ensure admissibility. *Coleman v. Home Depot Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002). Relevant evidence may be ruled inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice" is more than simply "damage to the opponent's cause" but rather is "prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, [and] which inhibit[s]

2

neutral application of principles of law to the facts as found." *Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002) (internal citations omitted).

## III. DISCUSSION

Defendant argues that the Court must exclude evidence of the amount of Ms. Schmerling's underinsured motorist coverage and her settlement negotiations and agreement with the underlying tortfeasor because they are irrelevant and, if admitted, would be unfairly prejudicial. Plaintiffs respond that both the underinsured motorist policy and the underlying settlement amount are relevant, would assist the jury in reaching a verdict, and are not unfairly prejudicial. For the reasons that follow, the Court agrees with defendant.

### A. The Underinsured Motorist Policy

Defendant argues evidence of Ms. Schmerling's underinsured motorist policy is irrelevant and runs the risk of being unfairly prejudicial. Courts in Pennsylvania have reached differing conclusions on this issue. *See Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. 15-859, 2017 WL 3198062, at *2–3 (M.D. Pa. July 27, 2017) (analyzing this body of case law). Plaintiffs rely on *Noone v. Progressive Direct Ins. Co.*, in which the court concluded, without elaborating, that evidence of the underinsured motorist coverage, "even if it is merely background information, will assist the jury in completely understanding and evaluating the case" and that the evidence was "not overly prejudicial" to the defendant. *See* No. 12-1675, 2013 WL 8367579, at *2 (M.D. Pa. May 28, 2013).

Defendant, on the other hand, cites *Lucca v. Geico Ins. Co.*, No. 15-4124, 2016 WL 3632717 (E.D. Pa. July 7, 2016). Addressing the same issue, the *Lucca* court concluded that the underinsured motorist policy limit, which was undisputed, did not reach even the "low bar" of being relevant, because it presented no facts for the jury to decide. *See Lucca*, 2016 WL

3

3632717, at *2–3 (noting *Noone* failed to explain how an underinsured motorist policy "would be helpful to the jury or to what disputed issue in the case the information related"). The *Lucca* court further stated that the same evidence "may very well serve to prejudice [defendant] by giving the jury an anchor number that has no bearing on [plaintiff's] damages." *Id.*

This Court agrees with the reasoning in *Lucca* and concludes that evidence of the underinsured motorist policy is both irrelevant and unfairly prejudicial. First, the amount of the policy limit is irrelevant to the sole issue for the jury to resolve: the extent and value of Ms. Schmerling's injuries. In assessing Ms. Schmerling's injuries, the jury must focus on her symptoms, medical bills, and evidence of future medical needs. The underinsured motorist policy limit does not assist the jury in making these determinations. On this issue, plaintiffs argue that the policy limit is relevant in establishing defendant's contractual duties, but defendant's duties are not in dispute.

In addition, the relevance of this evidence is substantially outweighed by the danger of unfair prejudice in that it gives the jury an "anchor number" that does not reflect Ms. Schmerling's actual damages. *See Lucca*, 2016 WL 3632717, at *3. For example, the policy limit might cause the jury to inflate its damages calculation based on an improper assumption that Ms. Schmerling's injuries exceed the policy amount. Thus, evidence of the underinsured motorist policy limit must be excluded.

### B. Settlement Negotiations and Amount

Defendant contends that evidence of Ms. Schmerling's settlement is irrelevant, is

inadmissible under Federal Rule of Evidence 408,[2] and, if admitted, would be unfairly prejudicial. Plaintiffs argue this evidence is important for the jury to understand to evaluate Ms. Schmerling's claims.

For reasons similar to those articulated above, the Court concludes this evidence must be excluded. The settlement amount is irrelevant to the extent of Ms. Schmerling's injuries and would not assist the jury in reaching a verdict. Moreover, as with the underinsured motorist limit, any minimal probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See Schwendinger-Roy v. State Farm Mut. Auto. Ins. Co.*, No. 11-445, 2012 WL 13034915, at *1 (W.D. Pa. July 10, 2012) ("[T]he probative value of the third-party settlement amount, if any, is outweighed by the risks of unfair prejudice, confusing the issues and misleading the jury."). Learning the amount of Ms. Schmerling's settlement could easily cause the jury to value her injuries at that amount or to infer that her injuries are actually greater than the amount for which she settled. In either scenario, the jury would be making a decision influenced by a settlement not in issue rather than evidence of Ms. Schmerling's injuries. Thus, evidence of Ms. Schmerling's settlement must be excluded.

## IV.     CONCLUSION

For the foregoing reasons, the Court adopts defendant's position covering the way in which this case will be presented to the jury. It will be presented to the jury as a personal injury case. Plaintiffs are prohibited from offering testimony or other evidence of Ms. Schmerling's underinsured motorist coverage or her settlement negotiations and agreement with the tortfeasor.

---

[2] Plaintiffs make no argument with respect to Rule 408 in their memorandum. To the extent that they seek to introduce Ms. Schmerling's settlement agreement to prove or disprove "the validity or amount" of her damages, this evidence is inadmissible under Rule 408. *See* Fed. R. Evid. 408 (providing that evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" is inadmissible "either to prove or disprove the validity or amount of a disputed claim," among other things).

5

As such, defendant's objections to plaintiffs' pretrial submissions addressing these issues are sustained.  An appropriate Order follows.